UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:11CV-107-R

**JESSE R. McNUTT**                                                                               **PLAINTIFF**

v.

**STEPHEN COOK SANDERS**                                                  **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff Jesse R. McNutt initiated this action by filing a *pro se* petition for removal seeking to remove his appeal before the Kentucky Court of Appeals. "A federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007). The Court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). The dismissal should issue the moment the Court determines that subject-matter jurisdiction is lacking. For the reasons set forth below, the Court will dismiss this action for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

### I.

In the petition for removal, Plaintiff seeks "removal of case No. :2010-CA-000497 from the state of Kentucky." He states that the Court has jurisdiction over the matter according to 28 U.S.C. §§ 1441(a), 1446(b), 1331, 1332 and Fed. R. Civ. P. 11. Plaintiff states that Defendant Stephen Cook Sanders is a citizen of the state of Florida. He further states:

> The case should be removed from the Kentucky courts in the interest of justice, grounds are the Kentucky Court of Appeals (coa) ruled on an interlocutory appealed issue that was pending before the Kentucky Supreme Court (sc) . . . The coa entered an order on 4/19/11 before the sc

>> dismissed movents' motion to reconsider on May 12, 2011, how
>> preposterous! Is the coa clairvoyant?

Plaintiff states that the "relief sought" is to remove the case "due to diversity of citizenship of Stephen Cook Sanders also federal question continues to exist."

**II.**

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (citing *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)). The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377.

Plaintiff has failed to meet his burden as this case is barred by the *Rooker-Feldman* doctrine. Under this doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The doctrine prevents both a direct attack on the substance of a state court decision and a challenge to the procedures

used by the state court in arriving at its decision. *Anderson v. Charter Twp. of Ypsilanti*, 266 F.3d 487, 493 (6th Cir. 2001). "A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *Feldman*, 460 U.S. at 476; *Rooker*, 263 U.S. at 415). Only the United States Supreme Court has jurisdiction to correct state court judgments. *Feldman*, 460 U.S. at 482.

In this case, Plaintiff is attempting to remove his appeal of a state court judgment to this Court. The *Rooker-Feldman* doctrine is, therefore, directly applicable. "[S]tate-court losers" cannot file suit in federal district courts "challenging 'state court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Thus, the *Rooker-Feldman* doctrine prevents this Court from exercising jurisdiction over Plaintiff's claim. This action therefore must be dismissed *sua sponte* pursuant to Fed. R. Civ. P. 12(h)(3).

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
4413.010

3